IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

MARBELLA AT SPANISH WELLS III
CONDOMINIUM ASSOCIATION, INC.

CASE NO.:

        Plaintiff,

vs.

EMPIRE INDEMNITY INSURANCE COMPANY

        Defendant.

_____/

**EXHIBIT 1**

## COMPLAINT

MARBELLA AT SPANISH WELLS III CONDOMINIUM ASSOCIATION, INC. (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, hereby sues the Defendant, and as grounds therefore states as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of thirty thousand dollars ($30,000) exclusive of interest, attorneys' fees, and costs.

2. At all times material hereto, Plaintiff owned the property located at 28240 Lisbon Court, Bonita Springs, Lee County, Florida 34135, 28250 Lisbon Court, Bonita Springs, Lee County, Florida 34135, 28251 Lisbon Court, Bonita Springs, Lee County, Florida 34135, 28241 Lisbon Court, Bonita Springs, Lee County, Florida 34135, 28260 Lisbon Court, Bonita Springs, Lee County, Florida 34135, 28265 Lisbon Court, Bonita Springs, Lee County, Florida 34135, 28259 Lisbon Court, Bonita Springs, Lee County, Florida 34135, 28270 Lisbon Court, Bonita Springs, Lee County, Florida 34135, 28269 Lisbon Court, Bonita Springs, Lee County, Florida 34135, 9641 Spanish Moss Way, Bonita Springs, Lee County, Florida 34135, 9651 Spanish Moss Way, Bonita Springs, Lee County, Florida 34135, 28271 Lisbon Court, Bonita Springs, Lee County, Florida 34135, 9601 Spanish Moss Way, Bonita Springs, Lee County, Florida 34135, 9611 Spanish Moss Way, Bonita Springs, Lee County,

Florida 34135, 9621 Spanish Moss Way, Bonita Springs, Lee County, Florida 34135, 9631 Spanish Moss Way, Bonita Springs, Lee County, Florida 34135, and Lisbon Court, Bonita Springs, Lee County, Florida 34135 (hereinafter referred to as the "Insured Property").

3. At all times material hereto, Defendant was and is a domestic corporation in the State of Florida and engages in the business of providing property insurance coverage to residents of Florida in exchange for the payment of a premium.

4. In consideration of the premium paid to it by Plaintiff, Defendant issued to Plaintiff an insurance policy, Policy No. ECL 9489920-05 (hereinafter referred to as the "Policy"), which was in full force and effect at the same time damage occurred to the Insured Property. A copy of the Policy is attached as Exhibit "A".

5. The Policy provides coverage for all risks, subject to certain terms, conditions, and exclusions.

## COUNT I - BREACH OF CONTRACT

6. Plaintiff re-alleges paragraphs 1 through 5 as if fully set forth herein.

7. This is an action for damages for breach of an insurance contract against Defendant.

8. On or about September 10, 2017, the Insured Property was damaged due to Hurricane Irma. Plaintiff suffered a substantial loss regarding its insured property and continues to suffer such loss.

9. Plaintiff timely reported the loss and damage to Defendant. From this point in time forward, Defendant had notice of Plaintiff's claim for damages.

10. Defendant assigned claim number 5630012034 to the reported loss.

11. Defendant inspected the Insured Property and observed damage.

12. Defendant observed damage to Plaintiff's property during a policy period in which Defendant insured Plaintiff's property.

13. By written correspondence dated November 29, 2017, Defendant determined that the amount of damages to the Insured Property was less than the deductible and issued no payment on the claim based upon its estimate of damages.

14. Defendant breached the Policy by underpaying and/or undervaluing the claim on November 29, 2017.

15. On or about April 7, 2020, Plaintiff provided Defendant with an estimate of damages in the amount of $3,389,961.07.

16. Defendant acknowledged receipt of the estimate by written correspondence dated July 6, 2020 and rejected the Plaintiff's estimate of damages. *A copy of the July 6, 2020 correspondence is attached hereto as Exhibit "B".*

17. By written correspondence dated July 6, 2020, Defendant also demanded that the Plaintiff provide requested documentation, including a sworn statement in proof of loss. *See Exhibit "B".*

18. On or about July 15, 2020, Plaintiff provided Defendant with the requested documentation, including an executed sworn statement in proof of loss.

19. By written correspondence dated August 7, 2020, Defendant acknowledged receipt of the sworn statement in proof of loss, requested documentation, and rejected the Plaintiff's proof of loss. *A copy of the August 7, 2020 correspondence is attached hereto as Exhibit "C".*

20. Following Defendant's rejection of the sworn statement in proof of loss, Plaintiff provided a revised proof of loss on August 26, 2020 which complied with the amendments requested in the August 7, 2020 letter. *A copy of the August 26, 2020 correspondence is attached hereto as Exhibit "D".*

21. In response, Defendant requested that the examination under oath of the Plaintiff be scheduled by written correspondence dated September 8, 2020. *A copy of the September 8, 2020 correspondence is attached hereto as Exhibit "E".*

22. The examination under oath of the Plaintiff was taken on September 28, 2020 with a continuation occurring on October 28, 2020.

23. Following completion of the examination under oath, by written correspondence dated November 16, 2020, Defendant again determined that the amount of covered damages to the Insured Property was less than the deductible and issued no payment on the claim based upon its estimate of damages. *A copy of the November 16, 2020 correspondence is attached hereto as Exhibit "F".*

24. Defendant also denied coverage for a portion of the Plaintiff's damages and denied coverage for any damages to 9631 Spanish Moss Way. *See Exhibit "F".*

25. Defendant breached the Policy by wrongfully denying a portion of the claim.

26. Defendant breached the Policy by underpaying and/or undervaluing the claim.

27. Under the terms of the Policy, Defendant is obligated to pay insurance benefits for covered losses to Plaintiff.

28. Plaintiff suffered direct physical damage to the insured property as a result of Hurricane Irma, which is a covered peril as contemplated by the Policy.

29. Plaintiff has made an application for insurance benefits under the Policy, but Defendant has failed and/or refused to pay all of the benefits to which Plaintiff is entitled for the loss.

30. Defendant and its agents have failed and/or refused to properly investigate the loss, and have failed and/or refused to tender all insurance proceeds due and owing to the Plaintiff under the Policy.

31. Defendant knew, or should have known, that Plaintiff had outstanding damages that were directly caused by covered perils under the Policy, and that insurance monies were due and owing to the Plaintiff.

32. Defendant knew, or should have known, that Plaintiff had continuing damages that were and are directly covered under the Policy and whereupon Plaintiff submitted claims for payment under the Policy.

33. Defendant's conduct is contrary to the provisions of the contract.

34. Plaintiff has done and performed all those matters and things properly required under the insurance policy, or alternatively, Plaintiff has been excused from performance by the acts of Defendant by its representations and/or conduct.

35. Defendant has breached the Policy by failing to pay all benefits due under the Policy.

36. Defendant breached the contract by failing to pay the full costs necessary to restore Plaintiff's Insured Property to its pre-loss condition.

37. Defendant breached the contract by failing to pay based on Plaintiff's Proof of Loss which was submitted to the Defendant on or about July 15, 2020 and August 26, 2020.

38. Defendant breached the contract by improperly withholding certain amounts for depreciation.

39. As a direct result of Defendant's breach of its insurance contract, Plaintiff has lost the full value and full benefit of the Insured Property and continues to suffer such loss.

40. As a direct result of Defendant's breach of its insurance contract, it has been necessary for Plaintiff to incur and become obligated for attorneys' fees and costs in the prosecution of this action. Florida Statute §627.428 and/or §626.9373 provides for the recovery of such attorneys' fees in the event of such need.

41. Plaintiff has been obligated to engage the undersigned attorneys for the prosecution of this action and is entitled to reasonable attorneys' fees thereby pursuant to Fla. Stat. §627.428 and/or §626.9373.

WHEREFORE, Plaintiff prays this Honorable Court enter an award of compensatory and contractual damages, pre-judgment interest, costs of this action, attorneys' fees, and such further relief as this Court may deem appropriate.

## COUNT II – BREACH OF CONTRACT
## (APPRAISAL CLAUSE)

42. Plaintiffs re-allege paragraphs 1 through 34 as if fully set forth herein

43. On July 16, 2020, Plaintiff demanded appraisal under the Policy.

44. On August 7, 2020, Defendant rejected Plaintiff's demand for appraisal and refused to participate. *See Exhibit "C".*

45. Defendant has breached its contract of insurance with the Plaintiff by failing to comply with the terms of the "Appraisal Clause" as set forth in the Policy.

46. Defendant's conduct is contrary to the provisions of the contract.

47. Plaintiff has done and performed all those matters and things properly required of it under the insurance policy, or alternatively, it has been excused from performance by the acts of Defendant by its representations and/or conduct.

48. As a direct result of Defendant's breach of its insurance contract, Plaintiff has lost the full value and benefit of its real property and will continue to suffer such loss and damages in the future.

49. As a direct result of Defendant's breach of its insurance contract, Plaintiff was required to become obligated for attorney's fees and costs in connection with the prosecution of this action. Florida Statute §627.428 provides for the payment of attorney's fees in the event of such need.

**WHEREFORE**, Plaintiff, MARBELLA AT SPANISH WELLS III CONDOMINIUM ASSOCIATION, INC., prays this Honorable Court to enter an award of compensatory and contractual damages, pre-judgment interest, costs of this action, attorneys' fees and such other and further relief as this Court may deem appropriate.

**DEMAND FOR TRIAL BY JURY**

Further, Plaintiff requests a trial by jury on all issues so triable.

Dated this 28th day of December, 2020.

**CONSTABLE LAW, P.A.**

*/s/ James S. Constable*
James S. Constable, Esquire
Florida Bar No. 68522
Allison S. Freeman, Esquire
Florida Bar No. 69539
CONSTABLE LAW, P.A.
139 6th Avenue S.
Safety Harbor, Florida 34695
Telephone: (727) 797-0100
Facsimile: (727) 726-6917
Attorneys for Plaintiff

and

*/s/ Patrick D. Kennedy*
Patrick D. Kennedy, Esquire
Florida Bar No. 111574
THE LAW OFFICES OF PATRICK D. KENNEDY PLLC
1201 6th Ave W, Suite 324
Bradenton, Florida 34205
Telephone: (941) 896-8011
patrick@kennedyinsurancelaw.com
pleadings@kennedyinsurancelaw.com